IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SELMA SAM McCLENNON | § | |
| | § | |
| V. | § | A-17-CA-745-LY |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Docket Entry "DE" 1); Respondent's Answer (DE 14); Respondent's Supplemental Answer (DE 16); and Petitioner's reply (DE 17). Petitioner, proceeding pro se, has paid the full filing fee for his case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number 83,519. In that case, Petitioner was convicted of murder and sentenced to life in prison on

September 11, 1986. *See* DE #13-16 at 4. Petitioner does not challenge his holding conviction. Rather, Petitioner challenges the revocation of his parole.

**B.     Grounds for Relief**

Although Petitioner's federal application for habeas corpus relief is not clear, he appears to argue:

1. His due process rights were violated in the parole revocation hearing;

2. He received ineffective assistance of counsel; and

3. His state habeas corpus proceedings were flawed.

A review of the state court records submitted by Respondent shows Petitioner raised his first two claims in a state application for habeas corpus relief. *See* DE 13-16 at 13-37 and DE 13-17 1-3. The Texas Court of Criminal Appeals denied Petitioner's state application without written order on June 28, 2017. *Ex parte McClennon*, Appl. No. 3,877-08.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an

3

unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

### 1.     **Due Process (Claim 1)**

In his first claim, Petitioner contends he was denied a preliminary hearing, the Parole Board failed to consider available documentary evidence that supported not revoking his parole, and the

4

Parole Board revoked his parole without considering an alternative to incarceration. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court fully discussed the rights that must be afforded a parolee in conjunction with parole revocation proceedings. The stated:

> We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations[.] Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Id.* at 480. The Court held that a parolee is entitled to a preliminary and final revocation hearing and the revocation procedures must provide the following:

- written notice of the alleged parole violations;

- disclosure of the evidence against him;

- an opportunity to be heard personally and to present evidence;

- the right to confront and cross-examine adverse witnesses, unless the hearing officer finds good cause for not allowing confrontation;

- a hearing before a neutral and detached body, and

- a written statement by the factfinders describing the evidence reviewed and the reasons for revoking parole.

*Id.* at 489. *See also Meza v. Livingston*, 607 F.3d 392, 404 (5th Cir. 2010); *Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir. 1999). The Court emphasized the final revocation hearing should not be equated to a criminal prosecution. *Morrissey*, 408 U.S. at 489. Moreover, the inquiry is narrow and should be flexible enough to consider evidence of letters, affidavits and other materials that would not be admissible in an adversarial criminal trial. *Id.* The right of confrontation and cross

examination afforded a defendant at revocation hearings is qualified, and can be limited for good cause. *Id.*

Petitioner admits he violated the terms of his parole by stopping at a CVS store to urinate while en route to a scheduled appointment at the Community Care Center. Petitioner contends his need to urinate frequently is caused by the medications he takes. He appears to argue that the Parole Board did not take into account his medical records and did not consider placing him into a halfway house instead of sending him back to prison. In his state habeas proceeding Petitioner indicates he testified at his revocation hearing and explained his medical conditions and the need to urinate frequently. According to Petitioner, he testified that he stopped to use the restroom at CVS on his way to the Community Care Center and upon arrival at the Community Care Center did not call to inform his parole officer that he deviated from his approved schedule. Petitioner explained he did not think he needed to call. Petitioner admits he is on the Super Intensive Supervision Program caseload and is monitored by a GPS.

The Texas Court of Criminal Appeals summarily denied Petitioner's state application for habeas corpus relief. Petitioner fails to demonstrate the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Petitioner does not allege the Parole Board refused to consider evidence he submitted, or denied him the right to submit evidence. He admits he was allowed to testified at his final revocation hearing and was able to explain his medical conditions and his need to urinate frequently. Petitioner has not shown his due process rights were violated by the

Parole Board's alleged failure to consider medical documentation, which he did not provide, to support his allegations or that the Parole Board was required to consider an alternative to prison.

To the extent Petitioner complains he was denied a preliminary hearing this claim likewise fails. Petitioner's complaints regarding a preliminary hearing are rendered moot by his final hearing. *See Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979) (indicating the lack of a preliminary hearing after a final hearing "no longer has any relation to his incarceration.").

### 2. Ineffective Assistance of Counsel (Claim 2)

Petitioner contends he was denied effective assistance of counsel during his revocation hearing. Specifically, Petitioner alleges his appointed attorney failed to prepare for the parole hearing, failed to investigate the surrounding facts of the case, failed to interview any of the potential fact witness, failed to prepare and introduce expert witness testimony, and failed to subpoena any witnesses to refute the revocation of his parole. In his state habeas proceeding Petitioner explained counsel should have introduced evidence regarding the side effects of Petitioner's medications to show Petitioner urinates frequently.

Under certain circumstances, indigent persons may have a right to appointed counsel in a parole or probation revocation setting. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (holding the need for counsel in the informal revocation context should be decided on a case-by-case basis, rather than by an inflexible per se rule). Petitioner admits he had appointed counsel. The Court assumes then that Petitioner had a Sixth Amendment right to effective counsel at his parole revocation hearing. *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth a two-part test to establish an ineffective assistance of counsel claim under the Sixth Amendment. First, the reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular

7

case, viewed as of the time of counsel's conduct." *Id.* at 690. In making this judgment, the court must determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Second, if such an error was made by counsel, the court must determine whether the error affected the judgment of the tribunal in the nature of prejudice to the defendant. *Id.* at 661-62.

Petitioner's claims regarding his counsel's performance are vague and conclusory. The only specific claim Petitioner notes is counsel's failure to introduce evidence regarding the side effects of his medication. However, Petitioner has not demonstrated a reasonable probability that, but for counsel's failure to introduce evidence regarding the side effects of Petitioner's medications, the outcome of the revocation hearing would have been different. Petitioner admits he was allowed to testify at the revocation hearing and explain his need to urinate frequently. Given the statements and admissions of Petitioner at the revocation hearing, the Court is convinced that the judgment of the Board of Pardons and Paroles would not have been any different had additional evidence been introduced regarding the side effects of his medication. Accordingly, Petitioner has failed to demonstrate the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d).

**B.     Infirmities in State Habeas Proceedings (Claim 3)**

To the extent Petitioner complains about infirmities in his state habeas proceedings his claims fail. Courts cannot grant habeas corpus relief to correct alleged errors in state habeas proceedings. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not

available for such alleged errors); *see also Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999) ("errors in state postconviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief"); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court"). Because Petitioner complains of alleged errors in the state proceedings, Petitioner has not shown that he is entitled to relief on this claim.

## CONCLUSION

Petitioner has failed to establish the state court's rejection of his first two claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state habeas corpus proceedings. Petitioner's final claim is not cognizable on federal habeas review. As a result, Petitioner's federal habeas corpus application does not warrant federal habeas corpus relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED this 5th day of April, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE